## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF HOMELAND SECURITY, | ) | |
| Office of the General Counsel | ) | |
| 245 Murray Lane SW | ) | |
| Mailstop 0485 | ) | |
| Washington, DC 20528, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.     Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to

inform them about "what their government is up to."

4.      Defendant United States Department of Homeland Security is an agency of the

United States Government and is headquartered at 601 South 12th Street, Arlington, VA 22202.

Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On January 5, 2015, Plaintiff submitted a FOIA request to the U.S. Secret Service,

a component of Defendant, seeking access to:

> Any and all records reflecting expenses incurred to provide
> security and/or other services to former President Bill Clinton and
> any companions for trips to the Caribbean island owned by Jeffrey
> Epstein known as Little St. James from 2001 to the present date.

6.      Defendant subsequently acknowledged receiving Plaintiff's request on January

22, 2015 and assigned the request FOIA File Number 20150440.

7.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine

whether to comply with Plaintiff's request within twenty (20) working days after receipt of the

request and to notify Plaintiff immediately of its determination, the reasons therefor, and the

right to appeal any adverse determination.  Defendant's determination was due by February 20,

2015 at the latest.

8.      As of the date of this Complaint, Defendant has failed to: (i) determine whether to

comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reasons

therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the

requested records or otherwise demonstrate that the requested records are exempt from

production.

9.      Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

10.     Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11.     Defendant is violating FOIA by unlawfully withholding records responsive to Plaintiff's FOIA request.

12.     Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply fully with FOIA.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  June 15, 2015

Respectfully submitted,

/s/ Jason B. Aldrich
Jason B. Aldrich
D.C. Bar No. 495488
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*